FILED

FEB 04 2019

TIMOTHY M. O'BRIEN CLERK
By____CH____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| David Alvey, dba Mayor/CEO<br>UNIFIED GOVERNMENT OF WYANDOTTE<br>COUNTY, KANSAS CITY, KANSAS<br><br>PLAINTIFF,<br><br>VS.<br><br><br>Michelle Avery Bey<br><br>RESPONDENT. | )<br>)<br>)<br>)<br>) Case No. 19-CV-2059-KHV-KGG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# NOTICE OF REMOVAL
## FROM MUNICIPAL COURT TO FEDERAL COURT
## PURSUANT TO TITLE 28 § 1441- §1446
## PROPER ARTICLE III JURISDICTION

Official Notice is hereby served on the DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS and the above named Plaintiff. All cases and Jurisdiction/Venue moved to Federal Court. All subsequent matter concerning Case No. 2019PT 000001 Tax Sale No. 343 must be filed with Federal Court, pursuant to Jurisdiction named hereinafter.

### I. JURISDICTION

This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. § 1331): Constitution, Article VI, Clause 3, Article I, Section 10, Amendments IV, V, VI, IX, and X;
Statutes, US Code, Title 31 Section 3124, Title 18 Section 1962, Title 42, Section 1983.

I, Michelle Avery Bey, In Propria Persona, a Natural flesh and blood being, Aboriginal, Indigenous Moorish American National, makes with this NOTICE OF REMOVAL of the unconstitutional Case Number 2019PT 000001 Tax Sale No. 343 a COUNTERCLAIM.

### II. PARTIES

Plaintiff

NOTICE OF REMOVAL                                                Page 1 of 6

David Alvey, dba Mayor/CEO for the UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, a political subdivision of the STATE OF KANSAS; private corporation foreign to the United States Republic; and foreign to the organic Kansas Republic. Address: 701 N. 7th St., Kansas City, KS 66101

Respondent

Michelle Avery Bey, In Propria Persona, a Natural flesh and blood being, Aboriginal, Indigenous Moorish American National, C/O 1838 North 50th Court, Kansas City, Kansas Republic [66102].

## III. CAUSE OF ACTION

1. Respondent was in receipt of a Summons and Complaint on January 15, 2019 for Case No. 2019PT 000001 Tax Sale No. 343 from Plaintiff. Plaintiff's complaint alleges a debt due to Plaintiff, but fails to state a claim on which relief maybe granted in the way of proof of Respondent's obligation.

2. Respondent disputes owing any debt to Plaintiff and leaves it to the Plaintiff to prove his claim. Respondent objects to the Kansas Statutes or the Unified Government's Ordinances and/or Resolutions being the controlling law on the said case.

3. Respondent is not a member nor has any contractual agreement with Plaintiff's organization.

4. On numerous occasions since the year 2012 Respondent has requested that Plaintiff show where Plaintiff's municipal corporation derives authority to assert any alleged debt against Respondent's person or Respondent's private, noncommercial, nonresidential property (hereinafter called Respondent's property) which is in the jurisdiction of Respondent's ancestral estate, National Domicile, Northwest Amexem, Northwest Africa, North America, the North Gate at latitude/longitude: 39.125808/-94.693808.

5. Respondent declared "notice to the principal is notice to the agent" in the inquiries, referenced in item #4 above, that were sent to Plaintiff; therefore all interested parties were notified.

6. Plaintiff has ignored and never answered Respondent's inquiries, but has continued processes of sending unsigned tax assessment statements through the United States Mails that misclassify Respondent's property as Residential Real Property; sending unsigned tax bills through the United States Mails; having a deputy to send an instrument through the United States Mails which called Respondent's correspondences "nonsense", implied that Respondent was a scam artist, stated the Unified Government was a government and not a corporation nor a republic along with a copy of a tax lien on Respondent's property posted by said deputy with a threat to sell Respondent's property and evict Respondent from Respondent's property if the alleged taxes are not paid; sending unsigned threats to advertise and sell Respondent's property through the

United States Mails if payment is not received by Plaintiff; subjecting Respondent to biased hearings; advertising to sale Respondent's property; unlawfully selling Respondent's property; causing Respondent much mental anguish and finance in responding to all of the foresaid processes and from encountering strangers about Respondent's property due to the advertisements of Plaintiff.

7. Respondent has not abandon Respondent's property.

8. In the Affidavit of Fact/Notice of Default Judgment sent to Plaintiff on July18, 2018 Respondent demanded that Plaintiff cease and desist the processes of this municipal corporation as they pertain to Respondent's person, houses, papers, and effects.

9. Due to Respondent's fear of injury from said threats, Respondent submitted a check at four different times to issue Federal Reserve notes to Plaintiff for the total amount alleged as due around November 2014, December 2014, February 2015, and November 2018. The submittal around the said February 2015 was given to an Assistant Counsel of Plaintiff outside the court room following a hearing, hand-to-hand.

10. The said checks were returned each time through the United States Mails to Respondent.

11. The last check was returned by an Assistant Counsel of Plaintiff, Wendy Green, (although the check was sent to Plaintiff's corporation) around December 10, 2018 with a letter stating that Respondent's property is going to be included in a tax sale along with a note enclosed by a DLopez stating that only a money order or cashier's check will be accepted.

## IV. CONCLUSION

1. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." United States v. Tweel, 550 F. 2d 297 - Court of Appeals, 5th Circuit 1977

2. "The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but the individuals' rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed. (Redfield v. Fisher, 292 P. 813, at 819)

3. Plaintiff has interfered with Respondent's constitutionally secured right to life, liberty, and pursuit of happiness by depriving Respondent of her substantial right to peaceably enjoy her property. This violates Amendment IV of the said Constitution where it states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.....", as well as 42 USC 1983.

4. The Constitution for the United States of America binds all legislatures, executive and judicial officers at Article VI, wherein it does say, "The Senators and Representatives before mentioned, and the members of the several state legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this

Constitution" See Clause 3. Plaintiff is doing business as an executive official, Mayor/CEO and therefore, bound to support said Constitution.

5. The 5th Amendment of the said Constitution requires that all persons within the United States must be given due process of the law and equal protection of the law. Plaintiff's refusal to answer inquiries from Respondent violates due process of law in affording Respondent to examine all evidence used against Respondent.

6. Amendments IX and X of the said Constitution retains and reserves Respondent's constitutionally secured right in Amendment VI to be informed of the nature and cause of accusation in a civil matter.

7. Plaintiff failed to correct a known abuse of the misclassification of property and did not aid in preventing further abuses due to the said misclassification, while having (by law) the obligation to do so.

8. Plaintiff violates both Article 1 Section 10 of the said Constitution and Title 31 Section 3124 of the United States Codes of law by demanding and accepting obligations of the United States, Federal Reserve notes, (see Title 18 Section 8 for the obligations defined) as a form of payment when payments are restricted to gold and silver coins.

9. According to the Clearfield Doctrine, Plaintiff's purported position as a government is removed when Plaintiff as the political subdivision of THE STATE OF KANSAS seeks to obtain private commercial paper through Plaintiff's private, for-profit Corporation rules. Plaintiff thereby needs to follow the rules that govern private corporations by showing proof of a Commercial Agreement mutually made between Plaintiff and Respondent for which the specific performance is made.

10. Although Respondent denies having any obligation to Plaintiff for the alleged debt, the returning of the checks by Plaintiff to Respondent discharges the alleged debt according to the Uniform Commercial Code § 3-603(b) where it states:
"If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates".

11. Plaintiff has breached his fiduciary duty to protect the rights of Respondent by allowing the unjustified private, for-profit Corporation rules to be carried out due to the misclassification of Respondent's property.

12. Plaintiff's corporation is a political subdivision of the STATE OF KANSAS.

13. The STATE OF KANSAS has legislated and declared the classifications of property to be taxed at Article 11 Section 1 of its constitution.

14. Respondent's property is not within the classifications listed in the said constitution of the STATE OF KANSAS.

15. Respondent is not subject to the jurisdiction of Plaintiff.

16. Respondent has no contract with Plaintiff or with THE STATE OF KANSAS; or with any other segment of the United States of America that can grant jurisdiction over human rights; or over political, economic, social and cultural rights of Indigenous Peoples.

17. Plaintiff has created fictitious obligations by converting Respondent's property without permission to a commercial misclassification of Residential Real Property in order to carry on unjustified processes and gain revenue to which Plaintiff is not entitled.

18. Plaintiff is functioning under color of authority- color of law and abridging substantive rights unalienable and reserved for Respondent and the natural people at large. Plaintiff is in violation of and thereby subject to the remedy and punishment set forth in positive law by Title 18, Sections 241, 242, 514, 876, 1341, 1951, 1962, 1964 of the United States Code of law.

## V. RELIEF

Respondent demands due process as protected by the Fourth (4th) and Fifth (5th) Amendments of the Constitution for the United States of America (Republic).

Respondent demands this United States District Court stop these abuses of the color of law - colorable authority by the Plaintiff as they pertain to Respondent.

Respondent demands if any criminal charges be found, let them be placed upon the Plaintiff

Respondent demands this United States District Court view Respondent (in my Proper Person) as a Moorish American National (Natural Born Citizen of the Land) and not as a (brand) NEGRO, BLACKMAN (person), COLORED, AFRICAN-AMERICAN, or any other SLAVE TITLE or 'nom de guerre' imposed upon Respondent for misrepresentation 'Actions' or other acts of 'Misprision' that a misdirected society may "believe" to be true.

ALL UNCONSTITUTIONAL 'Orders' or 'Actions' associated with Case Number 2019PT 000001 Tax Sale No. 343, to be dismissed and expunged for the record on their face and merits; or, otherwise, be brought before a legitimately - delegated, and competent 'Court of Law' of International jurisdiction / venue.

Respondent demand that any Plaintiff, Corporate or Natural, Party-Claimants involvement be found guilty of the charges and shall result in immediate Recusal of Office

Plaintiff David Alvey, dba Mayor/CEO of the Unified Government of Wyandotte County/Kansas City, Kansas, is being sued for $500,000 for compensatory damages and treble for punitive damages in his private capacity.

## TRIAL BY JURY OF MY OWN PEERS IS DEMANDED

I declare under the penalty of perjury under the law of the UNITED STATES CODES that the above is true and correct to the best of my knowledge and honorable intent.

Day 4, February, 2019

I Am: *Michelle Avery Bey* (signature)
Michelle Avery Bey
Natural Person, In Propria Persona
All Rights Reserved
913-287-7758

**DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

**Petitioners**

Unified Government of WYCO KCKS

**Respondent**

Michelle D Avery-Bey A/K/A Michelle Denise Avery-Bey A/K/A Michelle Avery
1838 North 50th Court
Kansas City, KS 66102

**SUMMONS**

(Tax Sale)

Case No. 2019PT 000001
Tax Sale No. 343

To the above named respondent:

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer to the petition with this court and to serve a copy upon the plaintiff's attorney, Wendy M Green, Assistant Counsel, Wyandotte Co. Courthouse, 710 N. 7th Street, Kansas City, Kansas 66101, within 21 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. Any related claim, which you may have against the plaintiff, may be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



Kristi L. Hill

*Kristi L. Hill*

Clerk of the District Court
Civil Department

Date:  1/9/2019

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   RETURN ON SERVICE OF SUMMONS   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
I hereby certify that I have served this summons:

Personal Service: By leaving a copy of such summons and a copy of the petition to the respondent on _____ 20 _____

Residence Service: By leaving a copy of such summons and a copy of the petition at the usual place of residence of the defendant on _____ 20 _____ with _____ a person of suitable age and discretion residing therein, at _____

Agent Service: By delivering a copy of such summons and a copy of the petition to the agent_____,authorized by appointment or by law to receive service of process on _____ 20 _____

Residence Service and Mailing: By leaving a copy of such summons and a copy of the petition at the usual place of residence of the respondent and mailing by first-class mail a notice that such copies have been left on _____ 20 ____ at

No Service: The defendant was not found in this county.

Dated:_____                              _____
                                                              (Signature)
91
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELECTRONICALLY FILED
2019 Jan 09 AM 8:44
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2019-PT-000001

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS<br><br>PLANTIFF,<br><br>VS.<br><br>AGUILAR, JUAN C., ET AL.<br><br>DEFENDANTS | Case No. 2019PT 000001<br>(Tax Sale No. 343)<br><br>TITLE TO REAL ESTATE INVOLVED |

## PETITION

(Proceeding under K.S.A Chapter 60 and K.S.A 79-2801 et. seq.)

Plaintiff, Unified Government of Wyandotte County/Kansas City, Kansas, by and through Wendy M. Green, Assistant Counsel, for its several causes of action against the named defendants, alleges and states:

1. Wyandotte County is a duly organized County of the State of Kansas, and the Unified Government of Wyandotte County/Kansas City, Kansas is authorized by law to sue on behalf of Wyandotte County.

2. The tracts, lots and pieces of real estate hereafter mentioned in each cause of action were fully assessed for taxation in Wyandotte County, and taxes were duly levied on each tract, lots or piece of real estate for the years preceding the date of the sale hereinafter mentioned in each cause of action.

3. The taxes so levied and assessed on the tracts, lots and pieces of real estate were not paid as provided by law, on or before the 20th day of June of each of the years hereinafter

1

mentioned, and the County Treasurer did, between the 1st and 10th of July of each year, make out a list of all tracts, lots and pieces of real estate subject to sale, describing such tracts, lots and pieces of real estate as the same were described on the tax rolls of the accompanying notice, stating that said tracts, lots and pieces of real estate would, on the first Tuesday of September next hereafter, be sold by the Treasurer for the taxes and charges thereon. Said list, with accompanying notice, was duly published in the official county paper as provided by law and a copy of the list and notice was posted in a conspicuous place in the office of the Treasurer.

4. Thereafter, on the days designated on each of the following causes of action, the said tracts, lots and pieces of real estate were duly offered for sale as provided by law. Each and all of the said tracts, lots and pieces of real estate were bid off by the County Treasurer in the name of Wyandotte County, for the amount of delinquent taxes and the legal charges due thereon.

5. Each tract, lot and piece of real estate mentioned in each cause of action has remained unredeemed, and the certificates of sale un-transferred on the 1st Tuesday of September after:

   a. The expiration of two years after the sale to the County by the Treasurer;

   b. The expiration of three years after the sale to the County by the Treasurer in the case of homestead property;

   c. The expiration of one year after the sale to the County by the Treasurer in the case of abandoned property.

6. On July 16, 1991, the Board of County Commissioners of Wyandotte County/Kansas City, Kansas, adopted Resolution No. 2869, ordering the Counselor of Wyandotte County to institute proceedings in the District Court of Wyandotte County, Kansas, in the name of Board of County Commissioners of Wyandotte County/Kansas City, Kansas, against the owners,

supposed owners or persons having or claiming interest therein or thereto, for the foreclosure and sale of all such tracts, lots and pieces of real estate, for the purpose of satisfying the tax liens against each of said tracts, lots and pieces of real estate.

7. That Resolution Number 2869 continues in full force and effect and has the legal effect of an ordinance of the Unified Government of Wyandotte County/Kansas City, Kansas, pursuant to Article VI, Section 6.01 of Unified Government of Resolution R-1-97; a resolution relating to the creation of a charter for the Unified Government of Wyandotte County/Kansas City, Kansas, and the consolidation Recommendation by the Wyandotte County/Kansas City, Kansas Consolidation Study Commission.

8. The date of sale by the county, the description of each tract, lot and piece of real estate, and the total amount of taxes due now or which may become due during the course of this action, charges, interest, and penalties, and the names of the owners, supposed owners, and all persons having or claiming any interest in said tracts, lots and pieces of real estate are more particularly set out in each cause of action as follows: **See Causes of Actions following Page 4 and incorporated herein by reference.**

WHEREFORE, Plaintiff prays for judgment on each cause of action for the total amount of taxes due now or which may become due during the course of this action, charges, interest, and penalties as set forth above. Plaintiff further prays that its interest be declared a first and prior lien on the Property; that the property be foreclosed; that all junior and inferior liens and mortgages be barred from claiming any right, title, or interest in the subject Property; that the Court order and direct the sale of the Property according to law for the satisfaction of the money judgment or any balance remaining unpaid, for possession of the Property; and for such other relief as the Court may deem just and equitable.

Respectfully Submitted By:

*/s/ Wendy M. Green*
Wendy M. Green, #19505
Assistant Counsel
Unified Government of Wyandotte County/
Kansas City, Kansas – Legal Department
701 North 7th Street, Suite 961
Kansas City, Kansas 66101
Office: (913) 573-2817
Facsimile: (913) 573-5243
Email: wmgreen@wycokck.org
ATTORNEY FOR PLANTIFF
UNIFIED GOVERNMENT

PLAINTIFF for its 91 Cause of Action alleges and states: That the following real estate situated in the County of Wyandotte, State of Kansas; to wit:

Parcel:    047809              Tax Sale#:   343

Name ID#:    AVER00014 10

Michelle D Avery-Bey A/K/A Michelle Denise Avery-Bey A/K/A Michelle Avery
1838 North 50th Court
Kansas City, KS 66102

Legal Description: Lot 8, in BRADISH ANNEX, now and in a part of Kansas City, Wyandotte County, Kansas. (Approx.Add. 1838 North 50th Court )

was duly and regularly listed, notice posted, advertised and sold as provided by and in conformity with law at the time or times as hereinafter stated, for delinquent taxes due thereon for the year or years as hereafter stated and bid in by the County of Wyandotte at such delinquent tax sale or sales: That the same has remained and remains unredeemed and certificate or certificates of sale untransferred for a period of more than three years since such sale or sales. That the amount of taxes, penalties and interest thereon, chargeable to said described property for the following named years, as far as practicable to be ascertained, is as follows, to-wit:

| PARCEL NO | TAX YEARS DUE | AMOUNT DUE WITH INTEREST |
|---|---|---|
| 047809 | 2010 Thru 2017 | $18,185.78 |
| Court Cost Due: | | $225.00 |
| | Grand Total Due at Time of Filing: | $18,410.78 |

That the name of the record owner of said property as shown by the records in the office of the Register of Deeds, or Probate Court of Wyandotte County, Kansas is

Michelle D Avery-Bey A/K/A Michelle Denise Avery-Bey A/K/A Michelle Avery
1838 North 50th Court
Kansas City, KS 66102

And that in addition to the party or parties named above Occupant claim (s) some right, interest or lien therein and thereto, the exact nature and extent of which is unknown to this plaintiff.

That the cost of securing abstracter's search of title on the above described property plus Court Cost is the sum of $225.00.