IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ALVEY, et al., )
)
      Plaintiffs, )
)
v. ) Case No. 19-cv-2059-KHV
)
MICHELLE AVERY BEY, )
)
      Defendant. )

# **ORDER**

Contemporaneous with her attempted removal of this case from the District Court of Wyandotte County, Kansas, Defendant filed an application seeking to proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 ("Affidavit of Financial Statement") (ECF No. 3). The court, after reviewing defendant's affidavit and supplemental affidavit, respectfully denies the motion.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[2] "One need not be 'absolutely

---

[1] 28 U.S.C. § 1915(a)(1).

[2] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v. Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs 'and still be able to provide himself and dependents with the necessities of life.'"[3] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right─fundamental or otherwise.'"[4] The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[5]

Defendant has failed to adequately demonstrate the need to proceed *in forma pauperis*. Her initial affidavit of financial status indicated only that she "does not have any gold or silver coins, which is the only lawful tender in payment of debts prescribed by the United States Constitution."[6] Given the lack of information, the court instructed defendant to provide a supplemental affidavit containing pertinent financial information, including defendant's employment status, ownership in real property, amount of cash on hand, amount of money received from government and other sources in the last 12 months, and monthly expenses and obligations.[7] The court directed defendant to use the form affidavit on the court's website to assist in this filing.

---

[3]*Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[4]*Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[5]*Garcia*, 164 Fed. App'x at 786 n.1. *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

[6]ECF No. 3.

[7]ECF No. 4.

Instead, after the court clarified that 28 U.S.C. § 1915 applies to defendant as a non-prisoner (ECF No. 8), defendant filed a supplemental financial affidavit that again fails to provide any of the requested financial information necessary to evaluate her *in forma pauperis* application. She proffers no information about employment, saved money, income, or expenses. Rather, defendant continues to deny that 29 U.S.C. § 1915 applies in this case and merely incorporates by reference her previously submitted affidavit. Without providing any substantive information about her financial condition, defendant has not shown that she is entitled to *in forma pauperis* status. Defendant indicates that she will pay the filing fee if her demand is denied.

Defendant is therefore ordered to pay the filing fees in full in U.S. dollars by **March 11, 2019**. If defendant fails to pay the fee in full by this deadline, the undersigned will issue a report and recommendation to the presiding U.S. District Judge, Kathryn Vratil, recommending that the case be dismissed without prejudice for lack of prosecution.

Defendant is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections by filing a motion for review of this order. Defendant must file any objections within the 14-day period if she wants to have appellate review of this order. If defendant does not timely file her objections, no court will allow appellate review.

A copy of this order shall be mailed to defendant by certified and regular mail.

IT IS SO ORDERED.

Dated February 25, 2019, at Kansas City, Kansas.

                                            <u>s/ James P. O'Hara</u>
                                            James P. O'Hara
                                            U.S. Magistrate Judge