# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID ALVEY, DVA MAYOR/CEO )
UNIFIED GOVERNMENT OF WYANDOTTE )
COUNTY, KANSAS CITY, KANSAS, )
            )
                  **Plaintiff,** )     **CIVIL ACTION**
v. )
            )     **No. 19-2059-KHV**
MICHELLE AVERY BEY, )
            )
                  **Defendant.** )
_____)

## MEMORANDUM AND ORDER

The Unified Government originally filed this tax foreclosure action in the District Court of Wyandotte County, Kansas. On February 4, 2019, Michelle Avery Bey attempted to remove the case to this Court, purportedly based on federal question jurisdiction under 28 U.S.C. §§ 1331, 1441 and 1446. See Notice Of Removal (Doc. #1). The Court has an independent obligation to raise jurisdictional issues sua sponte where necessary. See Kontrick v. Ryan, 540 U.S. 443, 455 (2004); Fed. R. Civ. P. 12(h)(3) (if court determines at any time that it lacks subject-matter jurisdiction, it must dismiss action). On July 22, 2019, the Court ordered defendant to show good cause in writing why this matter should not be remanded for lack of jurisdiction to the District Court of Wyandotte County, Kansas. See Order To Show Cause (Doc. #19). Both parties have filed a response. See defendant's [Statement Of] Jurisdiction (Doc. #20) filed July 29, 2019; Plaintiff's Objection To Defendant's Response To Order To Show Cause (Doc. #21) filed August 1, 2019. For reasons stated below, the Court remands this action to state court.

A defendant may remove a state court civil action if plaintiff originally could have brought the action in federal court. 28 U.S.C. § 1441(a); see Caterpillar Inc. v. Williams, 482

U.S. 386, 392 (1987). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction.[1] Marcus v. Kansas Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); see Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (jurisdiction must affirmatively appear in the record). Defendant bears the burden to demonstrate that jurisdiction is proper in federal court. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

Defendant asserts federal jurisdiction under 28 U.S.C. § 1331. See Notice Of Removal (Doc. # 1) at 1. A civil action filed in a state court may be removed to federal court if the claim is one "arising under" the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331(b); see 28 U.S.C. § 1441(b); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which only provides federal jurisdiction when a federal question is presented on the face of plaintiff's properly pleaded complaint. Caterpillar, 482 U.S. at 392. Plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." Id. But even though state law creates plaintiff's causes of action, the case might

---

[1]      In Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014), which arose in the context of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, the Supreme Court stated that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Id. at 554. Dart Cherokee did not address whether a presumption against removal jurisdiction is proper in other cases asserting diversity or federal question jurisdiction. Id. In any event, the presumption is not dispositive in this case and the Court would reach the same result without a presumption.

still arise under the laws of the United States if a well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial question of federal law. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164 (1997) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983) (case arises under federal law when federal law creates cause of action or plaintiff's right to relief necessarily depends on resolution of substantial question of federal law)). In considering whether an action arises under federal law, a defense which implicates a federal question is not considered part of plaintiff's properly pleaded complaint. See Beneficial Nat'l Bank, 539 U.S. at 6; Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Accordingly, a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case. As a general rule, absent diversity jurisdiction, a state case cannot be removed if the complaint does not affirmatively allege a federal claim. Beneficial Nat'l Bank, 539 U.S. at 6.

Here, defendant attempts to assert federal question jurisdiction based on federal constitutional defenses to a county tax foreclosure sale. See Notice Of Removal (Doc. #1) at 1, 3-5 (case arises out of constitutional amendments, 18 U.S.C. §§ 241, 242, 514, 876, 1341, 1951, 1962 and 1964, 31 U.S.C. § 3124, 42 U.S.C. § 1983). Defendant argues that her "Notice of Removal is based on federal questions including, but not limited to fraud and extortion." Respondent's Objection To Plaintiff's Requests For Additional Time To Respond To Respondent's Notice Of Removal And To Set Aside Entry Of Default And Default Judgment

(Doc. #18) filed May 1, 2019 at 3. Because federal question jurisdiction is not present on the face of the Unified Government's complaint and defendant has not shown that the complaint requires resolution of a substantial question of federal law, defendant cannot meet her burden to show that jurisdiction is proper in federal court. See Caterpillar, 482 U.S. at 392.[2] Accordingly, the Court remands this action to the District Court of Wyandotte County, Kansas.

**IT IS THEREFORE ORDERED that this action is REMANDED for lack of jurisdiction to the District Court of Wyandotte County, Kansas.**

Dated this 7th day of August, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] In addition, defendant has not asserted any exception to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, which provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The TIA imposes a "broad limitation on federal court interference with state collection of taxes." Brooks v. Nance, 801 F.2d 1237, 1239 (10th Cir. 1986) (internal citations omitted); see Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522 (1981) (TIA purpose is "to limit drastically federal court jurisdiction to interfere with so important a local concern as the collection of taxes"). The TIA divests "federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a 'plain, speedy and efficient remedy.'" Marcus, 170 F.3d at 1309. Here, the tax refund and protest procedures under Kansas law, K.S.A. § 79-2005, constitute a plain, speedy and efficient remedy. ANR Pipeline Co. v. Lafaver, 76 F. Supp.2d 1142, 1148 (D. Kan. 1999) ("tax refund and protest procedures of K.S.A. 79-2005, are plain, speedy, and efficient") (quoting Atchison Topeka & Santa Fe Ry. Co. v. Lennen, 531 F. Supp. 220, 242 (D. Kan. 1981)).