IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ALVEY, DBA MAYOR/CEO )
UNIFIED GOVERNMENT OF WYANDOTTE )
COUNTY, KANSAS CITY, KANSAS, )
)
                                             Plaintiff, )       CIVIL ACTION
v. )
) No. 19-2059-KHV
MICHELLE AVERY BEY, )
)
                                            Defendant. )
_____)

## MEMORANDUM AND ORDER

The Unified Government originally filed this tax foreclosure action in the District Court of Wyandotte County, Kansas. On February 4, 2019, Michelle Avery Bey attempted to remove the case to this Court, purportedly based on federal question jurisdiction under 28 U.S.C. §§ 1331, 1441 and 1446. See Notice Of Removal (Doc. #1). On August 7, 2019, the Court remanded this matter for lack of jurisdiction to the District Court of Wyandotte County, Kansas. See Memorandum And Order (Doc. #22). This matter is before the Court on defendant's Request For Reconsideration And Reversal (Doc. #24) filed August 13, 2019. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

Section 1447 prohibits review "on appeal or otherwise" of a remand order, "except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [federal officer or agency cases] or 1443 [civil rights cases] . . . shall be reviewable." 28 U.S.C. § 1447(d); see Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005) (Section 1447(d) bars appellate review when district court remands on grounds permitted by § 1447(c) such as lack of subject matter jurisdiction). Section 1447(d) forecloses not only

appellate review but also reconsideration by the district court. Bender v. Mazda Motor Corp., 657 F.3d 1200, 1203 (11th Cir. 2011).

Defendant does not assert that the exception in Section 1447(d) for actions removed under Section 1442 or 1443 permits review of the remand order. In any event, the record does not support such an argument. Defendant's notice of removal cites "Title 28 § 1441 - § 1446," see Notice Of Removal (Doc. #1) at 1, but she specifically attempted to remove the case under Section 1441(a) which permits removal if plaintiff originally could have brought the action in federal court. See Notice Of Removal (Doc. #1) at 1, 3-5 (case arises out of constitutional amendments, 18 U.S.C. §§ 241, 242, 514, 876, 1341, 1951, 1962 and 1964, 31 U.S.C. § 3124, 42 U.S.C. § 1983); Civil Cover Sheet (Doc. #2) filed February 4, 2019 (cause of action is "exemption from taxation" under 31 U.S.C. § 3124); Respondent's Objection To Plaintiff's Requests For Additional Time To Respond To Respondent's Notice Of Removal And To Set Aside Entry Of Default And Default Judgment (Doc. #18) filed May 1, 2019 at 3 ("Notice of Removal is based on federal questions including, but not limited to fraud and extortion."); Request For Reconsideration And Reversal (Doc. #24) at 1 (federal court has original jurisdiction if plaintiff is political subdivision of state). Even if defendant had specifically invoked Section 1442 or 1443 in her notice of removal, such general references are insufficient to permit the Court to review the remand order. See Miller v. Lambeth, 443 F.3d 757, 760 (10th Cir. 2006) (if bald citation to § 1443 could support jurisdiction, removing party could too readily delay remand and prolong interference with state jurisdiction that § 1447(d) seeks to minimize).

In sum, the Court lacks jurisdiction to reconsider its remand order.

**IT IS THEREFORE ORDERED** that defendant's <u>Request For Reconsideration And Reversal</u> (Doc. #24) filed August 13, 2019 is **DISMISSED for lack of jurisdiction.**

Dated this 12th day of September, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge